UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| THERESA KAINE, on Behalf of Herself and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SAND CASTLE INVESTMENTS, LLC, <br><br> Defendant. | § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. 3:19-cv-00127 |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### I.   SUMMARY

1. Plaintiff Theresa Kaine and the employees she seeks to represent ("Class Members") are current and former workers classified as independent contractors by Defendant Sand Castle Investments, LLC ("Defendant"). Defendant knowingly and deliberately failed to compensate Plaintiff and the Class Members at the minimum wage rate for all hours worked and at the rate of time and one half their regular rates of pay for all hours worked over 40 in a workweek as required under the Fair Labor Standards Act ("FLSA").

2. Defendant violated the FLSA by misclassifying the Plaintiff and Class Members as independent contractors instead of as employees. Consequently, Defendant's compensation policy violates the FLSA's mandate that non-exempt employees, such as the Plaintiff and Class Members, be compensated at the minimum wage rate for all hours

worked and at the rate of one and one-half times the regular rate of pay for each hour worked over forty (40) in a week.

3. Plaintiff seeks to recover, on behalf of herself and the Class Members, all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

4. Plaintiff also prays that the class of similarly situated workers be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt into this litigation.

## II.     SUBJECT MATTER JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant does business in this District and the wrongs complained of occurred in this District. In particular, Plaintiff worked in this District and was denied both the minimum wages and overtime wages in this District.

## III.    PARTIES AND PERSONAL JURISDICTION

7. Plaintiff Theresa Kaine is an individual currently residing in Galveston, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

8. The Class Members are all current and former "Inspectors a/k/a Field Representatives" and all workers in substantially similar positions classified as

independent contractors during the three year period prior to the filing of this Complaint to the present.

9. Defendant Sand Castle Investments, LLC. is a Wisconsin for-profit company doing business in Texas. Defendant may be served process by serving its registered agent Robert M. Koch, 15710 W. National Avenue, New Berlin, WI 53151.

10. This Court has personal jurisdiction over Defendant because it has purposefully availed itself of the privilege of conducting business activities in the state of Texas. Defendant has established minimum contacts sufficient to confer jurisdiction over it, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice. The exercise of jurisdiction over Defendant is, therefore, consistent with the constitutional requirements of due process.

11. Specifically, Defendant employs residents of Texas, contracts with customers in Texas, and maintains a significant business presence in this state.

12. The causes of action in this suit arises from and relates to the contacts of Defendant with the state of Texas, specifically Defendant's employment of Texas residents and its subsequent failure to pay those residents in accordance with the FLSA.

## IV. FACTS

13. Defendant is a company that provides various home, vehicle, and property inspections. As its website states, Defendant's "field representative completes an occupancy inspection to report on property type, occupancy status, postings, potential hazards, damages, detached structures, lawn, and utilities. If requested, an interior

inspection is conducted, which includes a visual inspection of interior rooms for damages and overall condition."

(*See* https://www.sandcastlefs.com/Public/Services/Inspection_Services.aspx, last visited April 4, 2019).

14. To provide these inspection services, Defendant employs "Field Representatives" also known as "Inspectors".

15. These Inspectors have performed services across the country, including in California, Texas, and Florida.

16. Plaintiff worked for Defendant as an Inspector from February 2018 to November 2018.

17. As Inspectors, Plaintiff and the Class Members travelled to different locations to inspector homes, vehicles, and property. If the inspection was of a home, they completed an occupancy inspection report which detailed the property type, occupancy status, postings, potential hazards, damages, detached structures, lawn, and utilities. If the inspection was of the interior of the home, they would conduct a visual inspection from the outside for damages and overall condition

18. As part of the inspection process, the Plaintiffs and Class Members were required to complete a standardized inspection form created by Defendant.

19. For their work, they were paid a pre-established rate per inspection of $35.

20. They were not allowed to negotiate the amount they were paid. Instead, their pay was offered on a "take it or leave it" basis.

21. Further, Plaintiff and Class Members were required to drive to different properties to inspect. They were not reimbursed for their mileage. They typically drove at least 100 miles per week for work for Defendant.

22. When inspecting homes, the Plaintiff and Class Members were required to follow strict policies and procedures set by Defendant. If they did not perform an inspection according to Defendant's policies and procedures, Defendant would punish the housing inspectors by not paying them for the inspection.

23. Prior to performing their work for Defendant, the Plaintiff and Class Members were required to complete an application and submit to a background check. If they met Defendant's requirements, they were hired.

24. Further, before they could work for Defendant, the Plaintiff and Class Members were required to complete Defendant's training program.

25. After completing the application, passing the background check, and completing Defendant's training, Defendant assigned the Plaintiff and Class Members various properties to inspect across the country.

26. Defendant also provided standard operating procedures to the Plaintiff and Class Members that they were required to follow.

27. While working in the field, the Plaintiff and Class Members were subject to Defendant's control. Defendant would review their work, make corrections, and issue instructions.

28. Prior to inspecting a home, the Plaintiff and Class Members were required to call the property owner, introduce themselves as working for Defendant, and schedule a time to complete the inspection.

29. Plaintiff and the Class Members worked long hours, often through the night, to perform their work.

30. Plaintiff and the Class Members routinely worked in excess of 40 hours each week.

31. Plaintiff and the Class Members were non-exempt employees.

32. Plaintiff and the Class Members were paid on a piece rate basis where their pay depended upon the number of inspections.

33. However, Defendant misclassified Plaintiff and the Class Members as independent contractors instead of as employees.

34. As a result, Plaintiff and the Class Members were not paid at least at the minimum wage rate for all hours worked or overtime wages when they worked more than 40 hours in a week.

35. Plaintiff and the Class Members were never independent contractors, but were at all times employees of Defendant.  Defendant hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff and Class Members.

36. In addition, Defendant instructed Plaintiff and the Class Members about when, where, and how they were to perform their work – including assigning the geographic locations to work and the properties to inspect.

37. Moreover, the following conduct further demonstrates that Defendant acted as an employer with respect to Plaintiff and the Class Members:

   a. Defendant paid Plaintiff and Class Members a non-negotiable piece rate that Defendant unilaterally set;

   b. Plaintiff and Class Members had no control over what jobsite they may be assigned to;

   c. Defendant required Plaintiff and Class Members to request time off in advance and have that time off preapproved;

   d. Defendant issued work orders to Plaintiff and Class Members;

   e. Plaintiff and Class Members' services were integrated into Defendant's operations;

   f. Plaintiff and Class Members worked for Defendant for long and indefinite periods of time as is common with employees;

   g. Defendant had specific rules that Plaintiff and Class Members were required to follow when performing their jobs; and

   h. Defendant maintained the right to discharge Plaintiff and Class Members at will.

38. Furthermore, the degree of investment Plaintiff and Class Members made to perform their work pales in comparison to the expenses Defendant incurred.  Defendant invested significant sums in their facilities, website, employees, and other investments.

39. Plaintiff and the Class Members were the workforce without which Defendant could not provide its services.  Plaintiff and the Class Members were not

independent business owners, but were dependent upon the work of Defendant to earn income.

40. Despite these facts, Defendant improperly classified Plaintiff and Class Members as independent contractors and not employees.

41. Moreover, none of the white collar exemptions found in 29 U.S.C. § 213(a)(1) are applicable to the Plaintiff and the Class Members because they were not paid on a "salary" basis or "fee" basis as required under in 29 U.S.C. § 213(a)(1).

42. Additionally, none of the other exemptions found under the FLSA are applicable to the Plaintiff or the Class Members.

43. Defendant's method of paying the Plaintiff and Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct complied with the FLSA.

44. Defendant knew about the requirements to pay overtime but chose not to pay overtime to the Plaintiff and Class Members.

## V.    CAUSES OF ACTION

COUNT I
VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO PAY OVERTIME
(COLLECTIVE ACTION)

45. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

46. This count arises from Defendant's violation of the FLSA for their failure to pay Plaintiff and Class Members overtime compensation.

47. At all material times, Defendant have been employers within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

48. At all material times, Defendant have been enterprises within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

49. At all material times, Defendant have been enterprises in commerce or in the production of goods for commerce within the meaning of the 3(s)(1) of the FLSA because Defendant have had and continue to have employees engaged in commerce.  29 U.S.C. § 203(s)(1).

50. Defendant have had an annual gross business volume of not less than $500,000 a year for the three years preceding the filing of this complaint.

51. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

52. The FLSA requires that covered employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

53. Defendant's compensation scheme applicable to Plaintiff and the Class Members failed to comply with 29 U.S.C. § 207(a)(1).

54. Defendant knowingly failed to compensate Plaintiff and the Class Members at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a)(1).

55. During all relevant times, Plaintiff and the Class Members were covered employees entitled to the above-described FLSA protections.

56. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions. Defendant's misclassification was not by accident, but a well thought out scheme to reduce their labor costs.

## COUNT II
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
### (COLLECTIVE ACTION)

57. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

58. This count arises from Defendant's violation of the FLSA for their failure to pay Plaintiff and Class Members at the federal minimum wage rate for all hours worked.

59. The FLSA requires that covered employees be compensated for all hours worked at rate no less than the federal minimum wage rate. *See* 29 U.S.C. § 206(a).

60. Defendant's compensation scheme applicable to Plaintiff and the Class Members failed to comply with 29 U.S.C. § 206(a).

61. Defendant knowingly failed to compensate Plaintiff and the Class Members at the minimum wage rate for all hours worked, in violation of 29 U.S.C. § 206(a).

62. During all relevant times, Plaintiff and the Class Members were covered employees entitled to the above-described FLSA protections.

63. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions. Defendant's misclassification was not by accident, but a well thought out scheme to reduce their labor costs.

## VI.     COLLECTIVE ACTION ALLEGATIONS

64. As part of its regular business practices, Defendant has engaged in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

65. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all current and former "Inspectors a/k/a Field Representatives" and all workers in substantially similar positions classified as independent contractors during the three year period prior to the filing of this Complaint to the present.

66. Although Defendant permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendant have denied them full compensation for their hours worked over forty. Defendant has also denied them compensation at the minimum wage rate for all hours worked.

67. Plaintiff has actual knowledge, through observations of and conversations with her co-workers, that a class of similarly situated Class Members exists which has been subjected to Defendant's policy of not paying the minimum wage rate or the overtime rate for the hours worked over forty.  Plaintiff worked with other employees and attended training with other employees.

68. The Class Members are similarly situated to Plaintiff in that they all performed similar duties, were paid on a piece rate basis, and were denied minimum wage and overtime pay.

69. Defendant's failure to pay the rates required by the FLSA results from generally applicable policies or practices and does not depend on personal circumstances of individual Class Members.

70. The experience of Plaintiff, with respect to her employment classification and pay, is typical of other workers across Defendant's business.

71. The specific job titles or precise job responsibilities of each Class Member does not foreclose collective treatment because liability in this case relates to Defendant's decision to misclassify their employees as independent contractors.

72. Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

73. Class Members are not exempt from receiving overtime pay under the FLSA.

74. Like Plaintiff, all Class Members, irrespective of their particular job requirements, are entitled to receive minimum wage and overtime compensation for hours worked in excess of forty during a workweek.

75. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as independent contractors and/or the denial of wages.

76. The names and addresses of the Class Members are available from Defendant's records. To the extent required by law, notice will be provided to these individuals by first class mail and electronic mail or by the use of techniques and a form of notice similar to those customarily used in representative actions.

77. Although the exact amount of damages may vary among the individual Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

78.     The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

79.     As such, the class of similarly situated employees is properly defined as follows:

> **All current and former "Inspectors a/k/a Field Representatives" and all workers in substantially similar positions classified as independent contractors during the three year period prior to the filing of this Complaint to the present.**

## VIII.   WAGE DAMAGES SOUGHT

80.     Plaintiff and Class Members are entitled to recover their unpaid overtime premiums for the three years preceding the filing of this complaint to the present. 29 U.S.C. § 216(b).

81.     Plaintiff and Class Members are entitled to recover their unpaid minimum wages for the three years preceding the filing of this complaint to the present. 29 U.S.C. § 216(b).

82.     Plaintiff and Class Members are entitled to recover an equal amount of their unpaid wages as liquidated damages.  29 U.S.C. § 216(b).

83.     Plaintiff is also entitled to recover her attorney's fees and costs, as required by the FLSA.  29 U.S.C. § 216(b).

## X.   PRAYER FOR RELIEF

84.     For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a. Overtime compensation for all hours worked in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

b. Minimum wage compensation for all hours worked;

c. An equal amount of the unpaid minimum wages and overtime wages as liquidated damages, as allowed under the FLSA;

d. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

e. Such other and further relief to which Plaintiff and Class Members may be entitled, both at law or in equity.

Respectfully submitted,

KENNEDY HODGES, LLP

By: /s/ Don J. Foty
Don J. Foty
Texas State Bar No. 24050022
Fed Id. 711522
dfoty@kennedyhodges.com
KENNEDY HODGES, L.L.P.
4409 Montrose Blvd., Ste. 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEY FOR PLAINTIFF AND CLASS MEMBERS